UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEGGY THOMPSON,

    Plaintiff,

v.                                                      Case No.:  8:19-cv-366-T-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court on Plaintiff Peggy Thompson's Complaint, filed on February 12, 2019. (Doc. 1). Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claims for disability insurance benefits and supplemental security income. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, the ALJ's Decision, and Standard of Review**

    **A.    Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any

other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

B. **Procedural History**

On June 29, 2015, Plaintiff filed an application for a period of disability and disability insurance benefits, alleging an onset date of June 1, 2012. (Tr. 224-34). Plaintiff's claims were denied initially on October 12, 2015, and again following reconsideration on December 17, 2015. (Tr. 146-48, 159). A hearing was held before Administrative Law Judge ("ALJ") Amber Downs on December 13, 2017. (Tr. 62-92). The ALJ issued an unfavorable decision on March 29, 2018. (Tr. 10-28). The ALJ found Plaintiff not to be under a disability from June 1, 2012 through the date of the decision. (Tr. 23).

On January 8, 2019, the Appeals Council denied Plaintiff's request for review. (Tr. 1-9). Plaintiff filed a Complaint in this Court on February 12, 2019. (Doc. 1). The Commissioner filed an Answer on May 3, 2019. (Doc. 13). The parties filed a Joint Memorandum on August 12, 2019. (Doc. 18). The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 14). This case is ripe for review.

C. **Summary of the ALJ's Decision**

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1,

whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, subpt. P, app. 1; (4) has the residual functional capacity ("RFC") to perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through March 31, 2015. (Tr. 15). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 1, 2012, the alleged onset date. (Tr. 15). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "trigeminal neuralgia, chronic obstructive pulmonary disease, depression and anxiety." (Tr. 15).

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. (Tr. 16 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)).

At step four, the ALJ determined the following as to Plaintiff's residual functional capacity ("RFC"):

> The undersigned finds that the claimant has the residual functional capacity to perform less than the full range of light work. Specifically, the individual can lift 20 pounds occasionally and 10 pounds frequently; carry 20 pounds occasionally and 10 pounds frequently; sit for 6 hours in an 8-hour workday, stand and/or walk for 6 hours in an 8-hour workday and push/pull as much as lift/carry. The individual can climb ramps and stairs frequently, climb ladders,

---

2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

3

> ropes or scaffolds occasionally and balance frequently. The individual can frequently be exposed to humidity and wetness, dust, odors, fumes and pulmonary irritants as well as extreme cold and heat. Due to mental impairments, the individual is limited to simple routine and repetitive tasks, with frequent interaction with supervisors, co-workers and the general-public.

(Tr. 16-17).

The ALJ also determined that Plaintiff is capable of performing her past relevant work as a cleaner, finding this work does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 22). Further, the ALJ stated in her decision:

> At the request of the undersigned, an impartial vocational expert witness offered testimony based on a comprehensive review of the vocational evidence of record and testimony elicited at the hearing. The impartial vocational expert concluded that the claimant has past relevant work as a:
>
> (1) Cleaner (DOT #323.687-014), classified as light in exertional demands and unskilled (SVP-2) in nature; as a
>
> (2) Packager, hand (DOT #920.587-018), classified as medium in exertional demands and unskilled (SVP-2) in nature; as a
>
> (3) Laborer (DOT #922.687-058), classified as medium in exertional demands and unskilled (SVP-2) in nature; and as a
>
> (4) Cleaner, supervisor, housekeeping (DOT #321.137-0110), classified as light in exertional and skilled (SVP-6) in nature per the DOT, performed at the semi-skilled (SVP-4).

(Tr. 22).

The ALJ further explained:

> The impartial vocational expert further testified that given the above-determined residual functional capacity, the claimant is capable of performing her past relevant work as a Cleaner.
>
> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed.

4

> Pursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles.

(*Id*.).

The ALJ concluded that Plaintiff was not under a disability from June 1, 2012, through the date of the decision. (Tr. 23).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Richardson*, 402 U.S. at 401; *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982)).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as the finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (holding the court must scrutinize the entire record to determine reasonableness of factual findings).

**II.     Analysis**

On appeal, Plaintiff raises one issue, stated as follows:

> Did the Commissioner Reversibly Err in Failing to Further Develop the Record and Determine Whether Plaintiff's Past Relevant Work as a "Cleaner" Was Past Relevant Work.

(Doc. 18 at 6).

Plaintiff argues that her job as a cleaner did not qualify as past relevant work ("PRW") and, according to Plaintiff, this determination is of "critical importance." (Doc. 18 at 6). Specifically, Plaintiff states:

> Based upon the Plaintiff's age, education, and residual functional capacity, and with the vocational expert's testimony that none of the Plaintiff's past work had any transferrable skills (Tr. 87-88) and per §§ 202.04 and/or 202.06 of the Medical-Vocational Guidelines, the only way in which the Plaintiff could have been found not disabled, at least as of age 55, was to have found the past work as a "cleaner" to be past relevant work.

(*Id*. at 6-7 (footnote omitted)).  Plaintiff maintains that "there are several issues that should have been "addressed, and, clarified," including the ALJ's "implicit finding that Plaintiff had only worked two years as a supervisor." (*Id*. at 7).

Further, Plaintiff argues the ALJ erred by failing to identify with specificity the relevant time period contemplated in her consideration of Plaintiff's PRW. (*Id*. at 10). Plaintiff contends:

> At the hearing the ALJ inquires if the Plaintiff had any other full-time work going back to 2002. (Tr. 82) It is not clear from the decision whether the ALJ was considering the 15 year period as reaching back that far. However, the 15 year period, as contemplated by SSR 82-6211, would reach back 15 years from the date of adjudication, March 29, 2018, which does not reach into 2002. This reasonably could go to whether the Plaintiff, who asserted having worked "two or three years" as a supervisor (Tr. 80) would have been able to have worked three years as such and still had "cleaner" work within the 15 year period, having been employed by ELJA Management Corporation in the years 2000 through 2005. (Tr. 241-242) If this was the period contemplated in

6

>            the decision, there is clear error. The relevant time frame should
>            have been identified.

(*Id*. at 10-11).

In response, the Commissioner argues that Plaintiff waived her argument regarding the ALJ's finding that her cleaner job constituted PRW by not raising the argument before the ALJ. (*Id*. at 11). As to Plaintiff's argument regarding the ALJ's failure to clarify the dates Plaintiff worked as a housekeeper supervisor, the Commissioner contends that Plaintiff failed to meet her burden to provide sufficient evidence regarding Plaintiff's employment record. (*Id*. at 15). According to the Commissioner:

> Plaintiff's argument that the ALJ improperly decided her claim without clarifying the dates she worked as a housekeeper supervisor between 2002 and 2005 attempts to shift the burden of proof to the Commissioner and require the ALJ to supply evidence of Plaintiff's employment record, despite clarifying her work history at length during the administrative hearing and reviewing her work history and earnings records (Tr. 67, 75-82, 87-88, 239-44, 273-76).
>
> Here, the ALJ carried out her responsibility under the Social Security Act and regulations when she independently questioned Plaintiff and evaluated the evidence to find Plaintiff could perform her past relevant work as a cleaner. Notably, the ALJ was only obligated to develop the *medical record* for the twelve months before Plaintiff filed her application for disability benefits, which the ALJ did. Plaintiff does not argue that the ALJ failed to develop the medical record for this time period. Instead, she complains that the ALJ should have sought additional information relating to her work history, but she provides no legal citation to support extending the ALJ's duty so far.

(*Id*. at 15-16 (internal citations removed)).

Further, the Commissioner argues that the record does not show any "evidentiary gap" that would "clearly prejudice Plaintiff." (*Id*. at 16). The Commissioner refers to Plaintiff's testimony that she Plaintiff worked as a housekeeper in 2006 and averaged 25 to 30 hours as a part-time housekeeper in 2011 (Tr. 76-77, 79) and states that "if Plaintiff, who was represented by counsel,

believed this testimony was somehow inadequate or incomplete, she should have clarified her testimony to fulfill her obligation to provide evidence to support her claim." (*Id*.). The Commissioner argues this testimony "fully supports the ALJ's finding that Plaintiff could perform her PRW as a cleaner" and, therefore, "Plaintiff has completely failed to demonstrate how further questioning would have altered the ALJ's decision." (*Id*.).

As an initial matter, the Court finds the Commissioner's waiver argument unpersuasive. The Commissioner argues that Plaintiff waived any challenge to the ALJ's determination that her work as a cleaner constituted PRW because Plaintiff failed to raise her argument before the ALJ. (Doc. 18 at 12). The Commissioner relies on *Bechtold v. Massanari*, where the Court stated "when [claimant was] squarely presented with an opportunity to object to the characterization by the [ALJ] of the nature of her past relevant employment, [and] failed to do so . . . [s]uch failure constitutes a waiver of her right to raise the argument before [the district court.]" 152 F. Supp. 2d 1340, 1347 (M.D. Fla. 2001).

However, the Eleventh Circuit's subsequent holding in *Loudermilk v. Barnhart*, cabined *Bechtold*. *Loudermilk v. Barhart*, 290 F.3d 1265 (11th Cir. 2002). In *Loudermilk*, the Eleventh Circuit noted that "a Social Security claimant's failure to raise an issue at the administrative level does not deprive a court of jurisdiction to consider the issue when it is raised for the first time during judicial proceedings." 290 F.3d 1265, 1268 n.1 (11th Cir. 2002) (citing *Sims v. Apfel*, 530 U.S. 103 (2000)). Since *Loudermilk*, at least one judge in this district has held that *Bechtold*'s application of the waiver doctrine no longer applied in light of *Loudermilk*. *See Yarris v. Comm'r of Soc. Sec.*, No. 2:14-cv-501-FtM-CM, 2015 WL 5687751, at *3 (M.D. Fla. Sept. 25, 2015) ("In light of the Eleventh Circuit's subsequent decision in *Loudermilk* the Court concludes that Plaintiff has not waived her right to raise the argument [as to the ALJ's identification of

8

Claimants PRW] in this Court."). This Court agrees and finds Plaintiff did not waive her argument as to the ALJ's alleged error in finding that Plaintiff's work as a cleaner constituted PRW.

The Court will now turn to Plaintiff's argument that the ALJ erred by failing to develop her findings as it relates to the applicable time period of Plaintiff's PRW. The applicable regulation states:

> We do not *usually* consider that work you did 15 years or more before the time we are deciding whether you are disabled applies. A gradual change occurs in most jobs so that after 15 years it is no longer realistic to expect that skills and abilities acquired in a job done then continue to apply. The 15-year *guide* is intended to insure that remote work experience is not currently applied.

20 C.F.R. § 416.965(a) (emphasis added). The use of the word "usually" clearly indicates that the 15-year look-back period should not be applied rigidly, which is consistent with SSR 82-62's discussion of the 15-year look-back period:

> While the regulations provide that a claimant/beneficiary's work experience is usually relevant when the work "was done within the last 15 years," in some cases work[ ] performed prior to the 15-year period may be considered as relevant when a continuity of skills, knowledge, and processes can be established between such work and the individual's more recent occupations.

SSR 82–62, 1982 WL 31386, at *2 (Jan. 1, 1982). Thus, the regulation does not stringently prohibit an ALJ from considering whether work performed prior to the 15-year look-back period may qualify as PRW. *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991); *see also Smith v. Secretary of Health and Human Servs.*, 893 F.2d 106, 109 (6th Cir. 1989) ("By the very terms of this regulation, fifteen years is not a bright-line rule but a 'guide' intended to help the Secretary avoid concluding that a claimant who has worked in a job requiring certain marketable skills retains marketable skills after the workplace has changed in its requirements.").

At the hearing, Plaintiff testified that from 2002 through 2005, she worked as a hotel housekeeper for Elijah Management Corporation, the Artists['] Colony Inn. (Tr. 80). Plaintiff stated that during this period, she was promoted to supervisor, a position she held "maybe two years, two or three." (Tr. 80). Plaintiff further testified that she worked as a housekeeper in 2006 and averaged 25 to 30 hours as a part-time housekeeper in 2011. (Tr. 76-77, 79). While Plaintiff argues the ALJ's failure to clarify the look-back period is a clear error, the Court disagrees.

There is no ridged application of the 15-year look back, and, further, Plaintiff's testimony establishes that she performed her past cleaner job well into the 15-year period. Plaintiff also argues that the look-back period as it applies to her case is "arbitrary and capricious and may be a denial of due process." (Doc. 18 at 10). Specifically, Plaintiff states:

> The Plaintiff requested a hearing on this matter on February 1, 2016. (Tr. 164-165) The hearing was held on December 13, 2017 (Tr. 62) a waiting period of approximately 22 months. The case was adjudicated in March 29, 2018 (Tr. 10), just short of another three months. Other Plaintiffs' experiences vary widely. Had the wait been longer, the starting point of the 15-year period would have been later and vice versa. The effect on any given Plaintiff is arbitrary and capricious.

(*Id*. at 10-11). While Plaintiff refers to the lengthy waiting period in support of her argument, she cites no law that supports this argument. Accordingly, the Court finds Plaintiff's argument unavailing and cannot agree that the waiting period, being close to 25 months, was necessarily a denial of due process, or arbitrary and capricious as applied to Plaintiff.

Plaintiff also argues the ALJ erred because the ALJ decided her claim without clarifying the dates she worked as a housekeeper supervisor between 2002 and 2005. (Doc. 18 at 10). Plaintiff states, "[n]o rationale was given for the implicit finding that the Plaintiff had only worked two years as a supervisor." (Doc. 18 at 7). Further, Plaintiff states "it is important to note that the

Plaintiff went from an unskilled job (SVP 2) to a skilled job (SVP 6)." (*Id*. at 9). This argument appears to relate to Plaintiff's contention that the ALJ was required to develop the record further as it relates to Plaintiff's PRW. Upon review of the record, it appears the ALJ fully considered the record in making her decision, including all of the employment documents provided to the ALJ by Plaintiff. (*See* Tr. 14). Further, Plaintiff cites to nothing in the record that would contradict this "implicit finding" and, instead, appears to suggest the ALJ was required to seek out additional information regarding Plaintiff's work history.

At the hearing, the ALJ questioned Plaintiff several times about her position as a housekeeping supervisor as it related to her work history:

> Q: And then in -- from 2002 through 2005, I showed you worked for, it looks like, Elijah Management Corporation, the Artists Colony Inn.
>
> A: Yeah. Yes. Okay. I didn't know my -- yeah, that's the place that I became a supervisor housekeeper.
>
> Q: Okay.
>
> A: Yes.
>
> Q: How long were you the supervisor housekeeper for?
>
> A: I think it was six, seven -- I'm not sure, honestly, how many years, five, six years, five years, six.
>
> Q: That you were the supervisor?
>
> A: No, I was the supervisor maybe two years, two or three.
>
> Q: . . . What were job duties as a housecleaning supervisor?
>
> A: Laundry, I also helped out with the laundry. Inspecting the rooms, training the people I also, if needed, would have to help, you know, clean the rooms, too. I did the scheduling. And I started -- I don't know if it started then, because that's when things started, like -- I would get depressed a lot. I don't know if it's because I was working a lot. But I'd get

>                   depressed a lot and Kathy Stringer, I remember, was my
>                   general manager.  And I told her, I said, things are just
>                   getting to me. Like, I can't function. Like, I did a lot, but a
>                   lot was done.  Like I just felt like I was going in circles.  And
>                   I told her, I said, this -like, it was just too much.
>
> Q:      Okay.
>
> A:       But I did, yeah, supervise.
>
> Q:       Okay. And you said you worked there for, you said, about
>          two to three years as a supervisor, correct?
>
> A:       I believe.

(Tr. 80-81).

It appears that despite Plaintiff's contentions, the ALJ did not ignore Plaintiff's work history as a housekeeping supervisor.  The Court finds that the ALJ could have reasonably concluded that Plaintiff worked as a housekeeping supervisor during the relevant time period.

This conclusion is bolstered by the fact that Plaintiff bears the initial burden that certain work experience is not past relevant work. *Barnes*, 932 F.2d at 1568.  As the Eleventh Circuit has stated, "[t]he necessary consequence of this burden is that the claimant has the burden of showing that certain work experience is not past relevant work.  *Id.*  ("[Claimant] offered no evidence at the hearing to rebut the Secretary's reasonable determination that she was able to perform her past relevant work as a sewing machine operator.  We therefore conclude that the ALJ had substantial evidence to support his conclusion that [Claimant's] experience as a sewing machine operator constituted past relevant work.").  Here too, Plaintiff offered no evidence to rebut the ALJ's determination.  Plaintiff has not argued the ALJ erred in her RFC determination or that she otherwise cannot perform her past relevant work, but only that the ALJ should have further developed the record in finding Plaintiff's work as a cleaner constituted "past relevant work."

Even if the ALJ erred by not further developing the record in this case, the error would be harmless. As the Eleventh Circuit has held, "ALJ's failure only constitutes reversible error if it created an evidentiary gap that caused unfairness or clear prejudice." *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (citing *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995)). The record shows that here, there was no evidentiary gap causing unfairness or clear prejudice to Plaintiff because, despite Plaintiff's job during the years of 2002-2005, Plaintiff testified that she worked as a housekeeper in 2006 and on a part-time basis in 2011. (Tr. 76, 79). This supports the finding that Plaintiff could perform her PRW as a cleaner and Plaintiff has failed to show sufficient prejudice in this case. Therefore, the Court finds that the ALJ's decision that Plaintiff's work as a cleaner constituted PRW is supported by substantial evidence in the record.

## III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that substantial evidence supports the ALJ's decision and that the decision was decided upon proper legal standards. Accordingly, it is hereby **ORDERED** that:

1. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

2. The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on March 20, 2020.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties